**In the Matter of Robert W. MYSLIWIEC.**

**No. 71S00–0102–DI–141.**

Supreme Court of Indiana.

May 23, 2001.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** The respondent represented a client on a contingency fee basis prior to the adoption of the *Rules of Professional Conduct*. When their contingency fee agreement was modified after the adoption of the *Rules of Professional Conduct*, the

respondent provided to his client a written contingency fee agreement that failed to state how the fee would be calculated in the event of an appeal. When the contingency fee agreement was modified a second time, the respondent failed to provide his client with a written fee agreement. During the pendency of the case, the client loaned the respondent $20,000 to remedy the respondent's cash flow difficulties. The respondent understood that the money was an advance against any contingency fee based on recovery, but failed to obtain his client's written consent to the transaction and failed to provide the client with a reasonable opportunity to seek the advice of independent counsel regarding the transactions.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.5(c), which provides that contingency fee agreements shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. He also violated Prof.Cond.R. 1.8(a), which provides that a lawyer shall not enter into a business transaction with a client unless the transaction and the terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client, the client is given a reasonable opportunity to seek the advice of independent counsel, and the client consents in writing thereto.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

BOEHM, J., not participating.